UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANUSC WISNIEWSKI,

                          Plaintiff,                          <u>MEMORANDUM</u>
                                                                  <u>OPINION AND ORDER</u>

        -against-                                             CV 05-4956 (JS)(ETB)

Police Officer JOHN CLAFLIN, individually and
as an East Hampton Police Officer, Sergeant NELSON
A. VARGAS, individually and as an East Hampton
Police Officer, Police Officer SCHAEFER, individually
and as an East Hampton Police Officer, Police Officer
TROY METZLER, individually and as an East Hampton
Police Officer, Police Officer JAY DIAMOND, individually
and as an East Hampton Police Officer, Police Officer
DANNY ROMAN, individually and as an East Hampton
Police Officer, Police Officer JOE KEARNEY, individually
and as an East Hampton Police Officer, Police Officer
GRABOSKI, individually and as an East Hampton Police
Officer, Police Officer MILLER, individually and as an
East Hampton Police Officer, Detective MCGUIRE,
individually and as an East Hampton Police Officer, Sergeant
HUTCH, Individually and as an East Hampton Police
Officer, JOSHUA STEWART, individually and as an
East Hampton Code Enforcement Department Officer,
JOHN DOE 1, individually and as an East Hampton Code
Enforcement Department Officer, RICHARD ROES,
Supervisory officers of the East Hampton Police Department,
the number and identity of whom is presently unknown,

                                    Defendants.
------------------------------------------------------------------------X

      By motion to compel, Plaintiff seeks certain discipline records relating to two police officers named as Defendants in this action. Production is sought as to any complaints concerning "arrest, investigation of landlord tenant disputes, burglary investigation, referral to the code enforcement unit, custody care of a prisoner, medical attention for a prisoner, [and]

processing of a civilian complaint." Defendants assert that these documents are both privileged under New York law and irrelevant in that the complaints pertain to events that occurred subsequent to the events at issue in this action. Defendants submitted the two complaints at issue to the court for an in camera inspection.

## BACKGROUND

Plaintiff, Janus Wisniewski ("Plaintiff"), claims that his landlord, Leanna Erdmann ("Erdmann"), and her boyfriend, Michael Helm ("Helm"), attempted to wrongfully evict Plaintiff from his home. (Am. Compl. ¶ 22.) Plaintiff's girlfriend, Margaret Stankiewicz ("Stankiewicz"), filed a police report for damage to her car that was allegedly caused by Erdmann. (Id. ¶ 23.) After Stankiewicz filed the police report, Erdmann and Helm allegedly commenced a course of illegal actions in an attempt to remove Plaintiff and Stankiewicz from their home. (Id. ¶ 24.)

Plaintiff alleges that Helm had a personal relationship with Defendant police officer Claflin ("Claflin") and that Helm's father was friends with Defendant police officer Schaefer ("Schaefer") (the ten named police officers are hereinafter collectively referred to as "Defendant police officers.") (Id. ¶ 26.) Plaintiff contends that because of these friendships, the Defendant police officers were motivated to conspire to protect and cover up Erdmann's and Helm's illegal conduct. (Id. ¶ 27.) From September 9, 2004 until October 24, 2004, Plaintiff complained to the police several times regarding Helm's and Erdmann's alleged illegal activity. The Defendant police officers allegedly did not respond to the majority of Plaintiff's complaints. (Id. ¶¶ 25, 27, 29, 31-35.) Plaintiff thereafter complained to Defendant Sergeant Hutch regarding the lack of response by the other Defendant police officers. (Id. ¶ 36.)

As alleged in Plaintiff's complaint, on October 24, 2004, Plaintiff called 911 to report that Helm had attacked him. (Id. ¶ 38.) Defendant Police Officers Claflin, Vargas, Metzler, Diamond, Roman and Kearney responded to the call. (Id. ¶ 39.) Plaintiff explained how Helm attacked him and how he was allegedly injured by Helm's attacks. (Id. ¶¶ 40, 41.) Plaintiff requested medical attention, but he received none. (Id. ¶ 42.) Plaintiff requested to go home but was told he could not, and instead was arrested and brought to the East Hampton Police Department ("EPHD"). (Id. ¶¶ 43, 46.) According to Plaintiff, Defendant Claflin informed him that he was being arrested in retaliation for his complaints to Sergeant Hutch. (Id. ¶ 45.)

At the EPHD, Plaintiff again requested medical attention, but again, received none. (Id. ¶ 49.) Plaintiff was subsequently taken to the hospital where his injuries were treated. (Id. ¶ 50.) Plaintiff does not state in his complaint whether the police took him to the hospital or whether he drove himself to the hospital. Plaintiff alleges that the Defendant police officers then filed false and misleading reports with the EPHD and the "City Court." (Id. ¶ 51.)

On October 24, 2005, Plaintiff commenced this Section 1983 action. On February 23, 2006, Plaintiff filed an Amended Complaint, which Defendants answered. On October 4, 2006, Defendants moved for a judgment on the pleadings. Plaintiff opposed the Defendants' motion and cross-moved to amend his complaint a second time. On March 7, 2007, Judge Seybert issued a Memorandum & Order granting in part and denying in part Defendants' motion for a judgment on the pleadings. That order dismissed the action as to defendants Stewart, John Doe 1, Graboski, Miller, McGuire, Hutch and Richard Roes. The order also dismissed the following claims: "any section 1983 claims to the extent they are based on a negligence theory, those claims under the Fifth and Eighth Amendments, and the Due Process claim for lack of medical

treatment." (Mem. & Order, Seybert, J., dated Mar. 7, 2007, at 19.) Judge Seybert's order also granted Plaintiff's motion to amend his pleadings a second time. (Id.)

Plaintiff thereafter sought discovery of personnel records concerning the Defendant police officers' disciplinary records. Defendants have sua sponte submitted two complaints to the court for an in camera inspection, asserting that they are privileged and should not be disclosed. Plaintiff has moved to compel the production of these documents.

DISCUSSION

I. Privilege Under New York State Civil rights Law Section 50-a

Questions of privilege in federal civil rights cases are governed by federal law. See FED. R. EVID. 501; von Bulow v. von Bulow, 811 F.2d 136 (2d Cir. 1987); King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988); Sparks v. Seltzer, No. 05-CV-1061, 2006 WL 2358157, at *5 (E.D.N.Y. Aug. 14, 2006). Federal law is also applied to state law claims if such claims arise in federal question cases. von Bulow, 811 F.2d at 141 (citing legislative history of Rule 501 from Senate Report No. 1277).

In the context of a civil rights action asserted against police officers, no federal rule prohibits discovery of internal police documents. King, 121 F.R.D. at 187. Therefore, the interests favoring and opposing confidentiality must be balanced unless defendants can demonstrate a "substantial threshold showing" of specific harm that may accrue from the disclosure of such documents. Id.

In King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988), the court resolved two cases, both pertaining to the issue of the discoverability of discipline records and complaints against police officers. One case involved a plaintiff who was arrested by two Suffolk County police officers

and subsequently sued the County and the officers for excessive force and malicious prosecution. King, 121 F.R.D. at 186. The second case involved two plaintiffs who had an altercation with Suffolk County police officers and sued the County and the officers, claiming a cover-up by the officers of their own improper conduct and malicious prosecution. Id. In both cases, plaintiffs made discovery demands seeking "records of any complaints against the officers and of any disciplinary actions for internal investigations brought by the police department against the officers." Id.

The court in King set forth a two-prong test. First, the police have the burden of making a "substantial threshold showing" that there are specific harms likely to accrue from disclosure of the specific materials. Id. at 189. The police must specify which documents or class of documents are privileged and for what reasons. Id. The reasons for nondiscloure must be explained with particularity, such as "what interests would be harmed, how disclosure under a protective order would cause the harm, and how much harm there would be." Id. These objections must be accompanied by a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration. Id (citing Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987)). If such a showing is not made, the court will decide in favor of disclosure. Id.

Second, provided that the defendants make the requisite showing of specific harm, the court must balance the interests favoring and disfavoring disclosure. Id. at 190. Factors favoring disclosure are the relevance to the plaintiff's case, importance to and strength of the plaintiff's case, and importance to the public interest. Id. at 195-96. Examples of factors disfavoring

disclosure are threat to police officers' own safety, invasion of privacy, weakening of law enforcement programs, any chilling effect on internal investigative candor and citizen complainant candor, and state privacy law. Id. at 191-95.

The King court held in favor of disclosure because the defendants did not make any substantial showing of harm or present any reason at all, beyond the state privilege statute, why discovery should not be ordered. Id. at 196. The court stated that under this analysis, the personnel records were discoverable without the need for an in camera review. Id. Two other cases, Barrett v. City of New York, 237 F.R.D. 39, 41-42 (E.D.N.Y. 2006) and Unger v. Cohen, 125 F.R.D. 67, 70 (S.D.N.Y. 1989), suggest that the relevance of the documents at issue should be determined before allowing disclosure when the defendant has not made a substantial threshold showing of harm. In Barrett, the plaintiff alleged false arrest, illegal strip search, malicious prosecution and fabricated evidence in a civil rights action under 42 U.S.C. § 1983. Barrett, 237 F.R.D. at 40. Plaintiff moved to compel the discovery of all "unsubstantiated Civilian Complaint Review Board (CCRB), Internal Affairs Bureau, and internal NYPD disciplinary records, regardless of the nature of the complaint." Id. The court first decided on the relevance of these documents to the plaintiff's case and then went on to analyze the issue of privilege. The relevance analysis focused on the fact that the complaints against the police officers involved events that occurred after the events at issue in the action, which is similar to what the Defendants in the instant action are contending. The court in Barrett stated that "all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable" and that investigations that post-date the filing of the current action could be relevant to "issues of pattern, intent, and absence of mistake." Id. at 41. The

court held, however, that the CCRB records containing allegations wholly unrelated to those alleged in the complaint are not relevant and need not be disclosed to the plaintiff. Id. at 40. The court further held that, because defendants failed to specifically identify any potential harm that may result from the requested disclosure, the relevant and discoverable CCRB complaints would not be precluded from discovery.

Similarly, in Unger, the court stated that since the substantial threshold showing of harm was not made, it was compelled to order disclosure, unless defendants' objections on the grounds of relevance could be sustained. Unger, 125 F.R.D. at 70. The plaintiff in Unger sought the production of personnel and other records of the defendant police officers in a civil rights action pursuant to 42 U.S.C. § 1983. Id. at 68. In response, the defendants submitted the documents in question improperly, i.e., defendants submitted the documents for an in camera review without briefing or providing to the court any record of the dispute other than the brief summary contained in defendants' attorney's letter. Id. at 69. Stating that the procedure for demonstrating a substantial threshold showing of specific harm is "intended to discourage "pro forma" invocation of privilege as to documents that should be disclosed," the court held that the threshold showing of harm was not made and therefore disclosure must be ordered unless defendants' relevance objections could be sustained. Id. at 70. The court reviewed the documents at issue and found two types of records to be relevant and subject to disclosure. First, the court stated that the personnel records containing information about, among other things, periodic performance evaluations by superiors and disciplinary actions were clearly relevant to the Section 1983 action. Id. at 70. The court similarly found the information in the civilian complaints to be relevant because they were an "obvious source of leads," even though the

complaints were either abandoned or conciliated. Id. at 70-71.

In the instant action, the Defendants have not properly asserted any privilege against disclosure because they did not make the required threshold showing of what, if any, specific harm will accrue if the complaints are disclosed. Nor did Defendants articulate their reasons for nondisclosure with any particularity. Therefore, disclosure should be favored unless Defendants' objection on the ground of relevance can be sustained.

II.     Relevance of the Complaints Sought to be Produced

The Defendants' assertion that complaints that post-date the current action at issue are not relevant is without merit, as demonstrated in Barrett. Such complaints may indicate pattern, intent, or absence of mistake. Barrett, 237 F.R.D. at 41.

There are two complaints at issue here. One involves a civilian complaint arising out of an automobile accident alleging a failure to adequately investigate the incident. The internal investigation found no wrongdoing on the officer's part. The allegations involved in the instant case pertain to civil rights violations, equal protection violations, false arrest, conspiracy and abuse of process. Plaintiff claims that the Defendants failed to properly investigate crimes reported to them involving Erdmann and Helm. Since the within complaint and the subsequent complaint involve similar allegations, there is no question that the record sought is relevant.

The other complaint is by a superior officer stating that the Defendant police officer failed to properly investigate a matter. Specifically, the memo, dated August 16, 2006, asserts that the Defendant police officer failed to properly investigate the circumstances surrounding an incident and to "affect [sic] an arrest in a timely manner." The memo goes on to detail certain recommendations to be followed. A similar charge is made by the plaintiff in this action.

Accordingly, these documents are relevant and should be turned over.

III.     Berkovich v. Hicks

Defendants cite Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991), in support of their claim that the internal police complaints should not be disclosed on the grounds of privacy. In Berkovich, the plaintiff was arrested by the defendant police officers, Hicks and Tate, on suspicion of possession of cocaine. See id. at 1020. After being held in custody for more than sixty hours, Berkovich was eventually released and the charges against him were subsequently dismissed. See id. at 1021. Approximately one year after his arrest and release, Berkovich filed suit against the individual police officers, alleging claims of false arrest, unlawful imprisonment, and assault and battery by defendant Hicks stemming from his arrest and detainment, pursuant to 42 U.S.C. §§ 1983 and 1985. See id. Berkovich also sued the City of New York, charging the City with failure to train, supervise and discipline defendant Hicks, seeking to impose liability pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). See Berkovich, 922 F.2d at 1021.

Prior to trial, Berkovich twice sought access to certain Civilian Complaint Review Board files concerning seven prior complaints against defendant Hicks. See id. After an in camera review of the complaints, Berkovich's discovery requests were denied. See id. Berkovich also attempted to introduce evidence at trial that defendant Hicks had a history of civilian complaints lodged against him but was precluded from doing so. See id. After a trial on the merits, the jury found in favor of the defendants. See id. The district court denied Berkovich's motion to set aside the jury verdict. See id. Berkovich appealed the decision, citing, among other things, the district court's denial of his discovery requests and the exclusion of evidence of prior complaint

history against defendant Hicks as reversible error.  See id.

Although Berkovich v. Hicks may seem very similar to the case at hand to the defendants, it is in fact quite different.  First, the court's decision in Berkovich focused mainly on the admissibility - and subsequent exclusion - of evidence of prior complaints against defendant Hicks *at trial*.  Such an analysis was conducted with reference to Federal Rules of Evidence 403 and 404(b), focusing on the probative value of the evidence Berkovich sought to introduce as compared to the prejudicial effect such evidence might have had.  See id. at 1022-23.  With respect to pre-trial discovery however, as plaintiff correctly points out in his correspondence, dated February 6, 2007, the governing standard is Federal Rule of Civil Procedure 26(b)(1), which permits discovery of "all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P. 26(b)(1).  Plaintiff's discovery request for the defendant police officers' personnel records falls within the purview of Rule 26(b)(1), not Federal Rules of Evidence 403 and 404(b), and as such, is permissible so long as the records are relevant, which, as discussed above, the court finds them to be.

Second, the court in Berkovich only briefly touched on the issue of the district court's denial of plaintiff's request for pre-trial discovery of prior civilian complaints against defendant Hicks.  Moreover, in addressing that issue, the Second Circuit stated that it "[a]ssum[ed] without deciding that the district court *erred in denying full discovery of the seven complaints*," but that any such error was harmless.  Berkovich, 922 F.2d at 1022 (emphasis added).  Therefore, Berkovich provides even less support for defendants' claim that the personnel records should be exempt from discovery because the opinion of the Second Circuit recognized that the plaintiff should have been permitted to examine those documents.  Accordingly, Berkovich provides no

basis to deny plaintiff's motion to compel discovery of the requested police personnel records.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is granted in its entirety.

Production of all records produced for in camera review shall be made to Plaintiff within twenty (20) days of the date of this order.

SO ORDERED.

Dated: Central Islip, New York
April 16, 2007

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge